IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                          PLAINTIFF/RESPONDENT


v.                          CRIMINAL NO. 13-50002-001


ARTURO VACA-RAYA                                DEFENDANT/MOVANT


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is the Defendant/Movant Arturo Vaca-Raya's (hereinafter "Defendant") second *pro se* 28 U.S.C. § 2255 motion (Doc. 172), which was filed on December 16, 2019, over three years after his first § 2255 motion was dismissed. (Docs. 143, 157). The matter is before the undersigned for issuance of a Report and Recommendation.

The procedural history of this case is thoroughly set out in the December 2, 2015, Report and Recommendation (Doc. 155), which recommended the denial of Defendant's first § 2255 motion. The Report and Recommendation was adopted and Defendant's § 2255 motion was dismissed on February 4, 2016. (Doc. 157). In summary, on April 9, 2013, Defendant pled guilty to Count Two of the Superseding Indictment charging him with possession of more than 500 grams of a mixture containing methamphetamine with intent to distribute. (Doc. 62). On September 4, 2013, Defendant was sentenced to 480 months of imprisonment. (Sent. Tr., p. 59; Doc. 97). In the § 2255 motion now before the Court, Defendant argues he received ineffective assistance of counsel. (Doc. 172).

1

A "second or successive" § 2255 motion may not be filed absent certification by the Eighth Circuit, authorizing the district court to consider the successive motion.  See 28 U.S.C. § 2244(b)(3)(a).

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Eighth Circuit has indicated that when, as in this case, a second § 2255 motion is filed in the district court without prior compliance with the certification requirement, the motion should be dismissed for lack of jurisdiction.  See Boykin v. United States, No. 99-3369, 2000 WL 1610732, at *1 (8th Cir. Oct. 30, 2000).  The certification rule is absolute and prisoners may not evade the statutory requirement by simply filing a second or successive § 2255 motion in the district court.  Defendant's second § 2255 motion has not been certified by the Eighth Circuit Court of Appeals as required by 28 U.S.C. § 2255, and therefore it is subject to dismissal for lack of jurisdiction.

Based upon the forgoing, the undersigned recommends that Defendant's **second § 2255 motion (Doc. 172) be DISMISSED**.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(b) & (c)(2).  A "substantial showing"

is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).  Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 17th day of December, 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE