IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                 PLAINTIFF

VS.                         Criminal No. 5:13-cr-50002-TLB-1

ARTURO VACA-RAYA                                                                          DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is Defendant's *pro se* Motion for a Reduction of Sentence Pursuant to the § 782 Amendment to § 3582(c)(2), filed on March 31, 2023. (ECF No. 186). On April 3, 2023, the motion was referred to the undersigned. The United States has not been directed to file a response, and none is necessary. For the reasons discussed below, it is RECOMMENDED that the motion be DENIED.

### I.  BACKGROUND

On April 9, 2013, and pursuant to a written Plea Agreement (ECF No. 62), Defendant, Arturo Vaca-Raya ("Vaca-Raya"), entered a plea of guilty to Count Two of the Superseding Indictment (ECF No. 43) charging him with possession with intent to distribute more than 500 grams of a mixture or substance containing methamphetamine. (ECF No. 61). The final Presentence Investigation Report ("PSR") determined that Vaca-Raya was accountable for 5.8 kilograms of actual methamphetamine, a firearm found at his residence, and maintaining his residence for the purpose of distributing a controlled substance. (ECF No. 80, ¶ 103). Sentencing was held on September 4, 2013. (ECF No. 79). The Court varied downward from the guideline of life, and Vaca-Raya was sentenced to 480 months imprisonment, five years of supervised release, a fine in the amount of $100,000.00, and a $100.00 special assessment. (ECF Nos. 79, 97, 112).

Vaca-Raya pursued a direct appeal. His counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), in which he argued that the Court erred in applying a two-level sentencing enhancement for maintaining a residence for the purpose of distributing methamphetamine, considering convictions from almost 20 years earlier, and imposing the functional equivalent of a life sentence. In a *per curiam* decision issued on February 6, 2014, the Eighth Circuit Court of Appeals found no error and affirmed Vaca-Raya's sentence. (ECF No. 122-1).

On November 24, 2014, Vaca-Raya filed a *pro se* Petition for Reduction or Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Based on a Retroactive Application of 2D1.1 of the United States Sentencing Guidelines. (ECF No. 125). He argued that Amendment 782 to the United States Sentencing Guidelines reduced base offense levels across all drug types by two levels, and that with retroactive application of the Amendment his sentencing range should be 292-365 months. *Id*. Counsel was appointed to represent Vaca-Raya in connection with his motion for sentence reduction. Counsel subsequently filed an Unopposed Motion to Reduce Sentence Pursuant to Amendment 788 and 18 U.S.C. § 3582(c)(2). (ECF No. 137). This Motion noted that while Amendment 782 to the Sentencing Guidelines Drug Quantity Table in § 2D1.1 was applicable to Vaca-Raya, due to the drug quantity involved there would be no change in the base offense level, and the amended guideline range would be life imprisonment. *Id*. at 1-2. Thus, counsel further noted, "[t]he imposed sentence is technically less than the amended guideline range," and "the Court indicated that even if the range had been 360 to life, which the amended range would have been if the drug quantity was less than 4.5 KG, it still would have imposed 480 months." *Id*. at 2. The Motion concluded that Vaca-Raya was not eligible for a sentence reduction by retroactive application of Amendment 782.

An Addendum to Presentence Report was filed on March 18, 2015, reflecting an adjusted base offense level of 36, an adjusted total offense level of 41, and an adjusted imprisonment range of 360 months to life. (ECF No. 138). The Addendum explained that Vaca-Raya's sentence was below the range as the Court determined a variance from the recommended guideline range of life was appropriate, and the Court stated that the sentence imposed of 480 months would have been the sentence the Court would have imposed even if the Court had sustained Vaca-Raya's objection, resulting in a range of 360 months to life. *Id*. The Court entered an Order denying Vaca-Raya's motions for sentence reduction the following day. (ECF Nos. 139, 140). No appeal was taken.

Vaca-Raya filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on May 4, 2015. (ECF No. 143). It was denied by Order entered on February 4, 2016. (ECF No. 157).

Nearly four years later, Vaca-Raya filed a Motion Pursuant to 28 U.S.C. § 2255(h) for Newly Discovered Evidence. (ECF No. 172). As this motion represented a second or successive § 2255 motion, filed without first obtaining the required certification from the Eighth Circuit Court of Appeals, it was denied by Opinion and Order entered on February 4, 2020. (ECF No. 183). The Eighth Circuit Court of Appeals entered its Judgment on September 2, 2020, denying authorization to file a successive habeas application in the district court. (ECF No. 184-1).

Vaca-Raya then filed his current motion for sentence reduction on March 31, 2023. (ECF No. 186). In the one-page motion, he again relies on Amendment 782 to the United States Sentencing guidelines and 18 U.S.C. § 3582(c)(2).

## II.  DISCUSSION

For the same reasons Vaca-Raya's first motion for sentence reduction was denied, his current motion for sentence reduction should be denied. While Amendment 782 to the Sentencing

3

Guidelines Drug Quantity Table in § 2D1.1 was applicable to Vaca-Raya, and an Addendum to Presentence Report was filed reflecting the two-level downward adjustment to the sentencing guideline calculations, the adjusted guideline imprisonment range is 360 months to life, and the Court clearly stated at sentencing that the 480-month sentence imposed would have been imposed even if the Court had sustained Vaca-Raya's PSR objection (to the two-level enhancement for maintaining a residence for the purpose of distributing methamphetamine) resulting in a sentencing range of 360 months to life. In discussing an appropriate sentence for Vaca-Raya, Judge Hendren remarked, "[m]y intentions would be the same if I had sustained your objection, Mr. Dunagin and if I were looking at a guideline of 360 months to life." (ECF No. 112, p. 57). Judge Hendren then stated his intention to sentence Vaca-Raya to 480 months imprisonment, and again, he told Vaca-Raya, "I would fix that same sentence if the guideline had been 360 months to life." *Id*.

### III.   CONCLUSION

Unhappy with a 480-month sentence he believes is excessive, Vaca-Raya initially sought a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines in 2014. A two-level downward adjustment to the guideline calculations was reflected in an Addendum to the PSR, resulting in an adjusted guideline sentencing range of 360 months to life. Vaca-Raya's first motion for a sentence reduction was denied, however, because the Court made clear at sentencing that it would have imposed the same sentence of 480 months if the guideline range for imprisonment had been 360 months to life. Vaca-Raya's current motion for sentence reduction (ECF No. 186) adds nothing new, and accordingly, it is **RECOMMENDED** that the motion be **DENIED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of May 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE